**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JACK D. YEISER, II,

    Plaintiff,

    v.                                          Case No.: 3:09-CV-274/RV/MD

MICHAEL A. THOMPSON and
MATTHEW J. BAKER,

    Defendants.

_____/

## ORDER

Pending is the defendants' motion to dismiss (doc. 3). The plaintiff has not filed a response in opposition to this motion.

**I. Background**

The following facts are taken from the plaintiff's complaint, and they are assumed true for purposes of this order.

The plaintiff is an individual and resident of Okaloosa County, Florida. He is the owner and sole shareholder of ABC Mortgage Company of Northwest Florida, Inc. In or about December 2006, the defendant, Michael A. Thompson, hired an attorney, the defendant Matthew J. Baker, to initiate litigation against ABC in a Kentucky state court.[1] The defendants eventually obtained a default judgment against ABC. According to the plaintiff, Baker "intentionally failed to mail any notice whatsoever of the Kentucky legal action to [ABC] until after a judgment had already been entered." The plaintiff has stated that he "can only speculate as to how [the defendants] were able to convince the Kentucky court that service had been achieved." The defendants later sought to domesticate the foreign judgment in Okaloosa County, and, as a direct and proximate result, ABC was rendered insolvent and plaintiff's mortgage license "endangered."

---

[1] Both defendants are residents of Logan County, Kentucky.

*Case No.: 3:09-CV-274/RV/MD*

The plaintiff brought an action against the defendants in Florida state court for (1) slander of title; (2) declaratory relief; (3) fraud; and (4) abuse of process. The case was removed to this federal court on the basis of diversity, after which the defendants filed the now-pending motion to dismiss.

## II. Standard of Review

In deciding the defendants' motion, I must take the factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require plaintiffs to set out in detail the facts upon which they base their claims. Rule 8(a) only requires a "short and plain statement" showing that the pleader is entitled to relief. Nevertheless, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *accord Watts v. Florida Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts, supra,* 495 F.3d at 1295 (quoting *Twombly, supra,* 550 U.S. at 556). Dismissal is appropriate if there is a dispositive legal issue which precludes relief. *See Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *see also Marshall County Bd. of Educ. v. Marshall County Gas Distr.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. Discussion

The defendants seek dismissal of the plaintiff's claims on multiple grounds: (1) lack of personal jurisdiction; (2) lack of standing; (3) statute of limitations; (4) failure to state a cause of action; (5) the single publication/single action rule; and (6) the litigation privilege. Because the litigation privilege plainly bars this action, I need not consider the other arguments.

In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States*

*Case No.: 3:09-CV-274/RV/MD*

*Fire Ins. Co.,* 639 So.2d 606 (Fla. 1994), the Supreme Court of Florida established that the litigation privilege precludes any and all tort claims based on the conduct of a party or attorney that occurs during litigation, expressly holding that "*any act* occurring during the course of a judicial proceeding" is entitled to absolute immunity "so long as the act has some relation to the proceeding." *See id.* at 608 (emphasis supplied). This rule, the *Levin* court explained, does not leave the parties without a remedy:

> On the contrary, just as '[r]emedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state,' [*Wright v. Yurko,* 446 So.2d 1162, 1164 (Fla. 5th DCA 1984)], other tortious conduct occurring during litigation is equally susceptible to that same discipline. Clearly, a trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice. In particular, a trial court would have the ability to use its contempt powers to vindicate its authority and protect its integrity by imposing a compensatory fine as punishment for contempt.

*Id.* at 608-09. The Eleventh Circuit has recognized this absolute immunity and held that subsequent litigation alleging fraud, perjury, abuse of process, and/or other intentional misconduct in a prior judicial proceeding "is precisely the strategy that the Florida Supreme Court intended to preclude by announcing the *Levin* rule." *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1302-03 (11th Cir. 2003).

The plaintiff's claims are barred by the litigation privilege. Taking the plaintiff's allegations as true, and assuming that the defendants perpetrated a fraud and improperly obtained a judgment in the Kentucky case, the appropriate forum is in that court, or perhaps in the Florida proceeding in which defendants sought to domesticate the judgment. Whatever options may be available to the plaintiff, *Levin* and *Green Leaf Nursery, supra*, make clear that relief cannot be had in this separate and subsequent litigation.

## IV. Conclusion

The defendants' motion to dismiss (doc. 3) is GRANTED, and the complaint is hereby DISMISSED.

DONE AND ORDERED this 29th day of July, 2009.

                    */s/ Roger Vinson*
                    **ROGER VINSON**
                    **Senior United States District Judge**

*Case No.: 3:09-CV-274/RV/MD*